736 So.2d 710 (1999)
N.W., Appellant,
v.
STATE of Florida, Appellee.
No. 97-04640.
District Court of Appeal of Florida, Second District.
May 28, 1999.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
N.W., a juvenile, appeals an order finding him in violation of his community control. He contends that the circuit court should have dismissed the proceedings against him for lack of jurisdiction. We affirm, but certify that our decision conflicts with that of another district court of appeal.
N.W.'s case stemmed from an October 1996 delinquency petition alleging that he had disrupted a school function, a second degree misdemeanor. On December 13, 1996, he admitted the charge. In its disposition order the court required N.W. to perform several conditions, but it withheld adjudication.
The following spring the court issued an order to show cause alleging that N.W. had violated the conditions of the December order. In late May N.W. appeared and admitted the allegations. On June 2, 1997, the court rendered an order finding N.W. to be in contempt of court and adjudicating him delinquent. At a June 11, 1997, disposition hearing the court placed N.W. on community control for six months.
This appeal arises from proceedings on an August 1997 allegation by the Department *711 of Juvenile Justice that N.W. had violated several conditions of his community control. N.W. admitted the violations, but his attorney urged the court to dismiss the proceedings because its jurisdiction over N.W. expired six months after the December 13, 1996, disposition order. This argument was premised on section 39.054(1)(a)1., Florida Statutes (1995),[1] which provides that a child adjudicated delinquent for a second degree misdemeanor may be placed under supervision or on community control for a period not to exceed six months.
The circuit court correctly rejected this argument. In M.B. v. State, 693 So.2d 1066 (Fla. 4th DCA 1997), the Fourth District held that the six-month limitation on supervision and community control set forth in section 39.054(1)(a)1. applies only to juveniles who are adjudicated delinquent. We stated our agreement with this view in M.G. v. State, 696 So.2d 1340 (Fla. 2d DCA 1997). Here, N.W. was not adjudicated delinquent until June 2, 1997. Therefore, the six-month limitation on his supervision or community control did not expire until December 2, 1997.
When denying N.W.'s motion to dismiss, the circuit court acknowledged the Fifth District's holding that even when adjudication is withheld, the court may not impose a penalty that is harsher than one that would be permitted if the juvenile were adjudicated delinquent or were an adult offender. See G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997). We certify that our decision today conflicts with the Fifth District's G.R.A. decision.
Affirmed; conflict certified.
FULMER, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] Renumbered as section 985.231, Florida Statutes (1997), by chapter 97-238, Laws of Florida, effective October 1, 1997.